McKinney, J.
delivered the opinion of the court.
This was an action of ejectment brought by the defendant in error, in the circuit court of DeKalb county.
It appears from the record, that the tract of land sued for in this action, was owned by Wilie Blount, at the time of his death. Said Blount made a last will and testament, but in said will there is no devise of the premises in controversy. The testator, in his will, nominated Wilie B. Johnson, the defendant in error, and James N. Dortch executors thereof; the former of whom alone qualified, the latter declining to do so.
The personal assets of the estate being insufficient for the discharge of the debts, the executor, Johnson, filed a bill in chancery to have the tract of land in question, together with other lands, of which the testator died seized and possessed, and as to all which he died intestate, sold for the payment of debts. To said *224 bill James N. Dortch, alone, was made defendant. The heirs at law of the testator, of whom there are several, as appears from the record, were not made parties. A sale of said lands was decreed by the chancellor, and Wilie B. Johnson, the defendant in error became the purchaser thereof. The sale was confirmed; and it was decreed (among other things) “that the right and title to the said lands are divested out of the complainant and defendant, the devisees of Wilie Blount, and are vested in Wilie B. Johnson, the purchaser and his heirs forever,” &e.
On the trial in the court below, the lessor of the plaintiff read to the jury a grant from the State of North Carolina, conveying the land in dispute, to John Baker, issued in 1793, and a conveyance from said Baker to the testator executed 9th of August, 1811. He then offered to read copies of the interlocutory and final decrees made in said chancery cause, under which he claimed to be vested with the legal title to said tract of land. To the reading of said decrees, the defendant objected, because not accompanied with transcript of the record of the cause; and also because a copy of the will of the testator was not produced. But the objection was overruled, his Honor, the circuit judge, being of opinion, that said decrees, alone, had the effect of divesting the title to said lands out of all persons claiming under the testator; and of vesting the same in Johnson, the purchaser; that the rights of Blount’s heirs and devisees were presumed to have been adjudicated by the court making said decrees; and that it was not necessary that either the will or the copy of the record should be produced.
*225 The defendant in the action read to the jury a grant from the State of Tennessee to William Estes, which covered said land, dated 29th June, 1809, hut which, with other evidence submitted to the jury, documentary and oral, need not be noticed.
The jury found for the lessor of the plaintiff, and a new trial having been refused, an appeal in error was prosecuted to this court.
It is very clear from the foregoing facts, that the judgment of the circuit court in this case is altogether erroneous, upon several grounds. It will suffice, however, to notice one, which goes to the foundation of the plaintiff’s supposed right of recovery; and that is, want of title; the decree relied upon by him as evidence of title, communicating to him no right or interest whatever in the land sued for. The testator having made no disposition, by his will, of the lands sold under the decree, the title, upon his death, descended to and vested in his heirs at law. And said heirs not being parties to the suit in chancery brought by the executor for the sale of said lands, their rights were not, and could not be affected by any decree made in said cause. As to them, as well as to the purchaser, the sale was a nullity. No title whatever was communicated to the purchaser, and the title cast by descent upon the heirs at law, remains unimpaired by any proceeding in said cause.
In proceedings under the act of 1831, ch. 22, sec. 1, as also under the act of 1827, ch. 54, sec. 4, by executors and administrators to subject the real estate to the payment of debts, it is required that the suit shall be conducted, in all respects, as other suits in chancery: and it is of the utmost importance to the community *226 that this requirement should be strictly observed. The heirs at law, or devisees, as the case may be, must be parties to the suit, in order”to afford them an opportunity of showing that the personal assets have not been exhausted; or not properly administered; or that the debt, for the satisfaction of which a sale of the real estate is sought, is not justly due; either of which facts, if established, will defeat the application in such case. And, an additional reason for their being parties is, that the title may be divested out of them, in the event of a sale.
It is probable that the omission to make the heirs at law, parties to the bill filed by the executor, was owing to an erroneous construction of the latter clause of the testator’s .will, by which a residuary bequest is made in favor of said Wilie B. Johnson and James N. Dortch; and which seems to have been construed as extending to the real as well as to the personal estate. But it is clear that said bequest appplies only to the residuum of the fund therein mentioned, expected to be realized from the government of the United States.
Without stopping to discuss other errors in the record, arising out of the opinion of the court, upon the foregoing ground the judgment will be reversed, and the case be remanded for a new trial.